ANNIE M. DANIELS, widow, of GEORGE W. DANIELS, deceased, *vs.* PHILADELPHIA AND READING RAILWAY COMPANY, a corporation of the State of Pennsylvania.

1. MASTER AND SERVANT—DECLARATION—NEGLIGENCE OF MASTER— RAILROAD TRACKS—SAFETY APPLIANCES.

    A declaration in an action for damages for the death of a brakeman, which avers that defendant used certain tracks for storing cars, that it negligently omitted to provide a derailing device in connection with one of such side tracks, so that cars placed thereon would not pass close to the main track, such appliances being reasonable, necessary, and proper at that place, and that through such negligence a car on the side track came in contact with a locomotive on the main track, killing plaintiff's intestate, sufficiently alleges that a derailing device was reasonable and necessary and should have been provided.

2. DEATH—PLEADING FOREIGN STATUTES.

    A declaration in an action for the death of plaintiff's husband, which alleged that defendant was a corporation existing under the laws of Pennsylvania and operated a railroad in that state, on which deceased was employed, and that a statute of that state, then and still in force, provided that when death was caused by negligence, and no action was brought by deceased during his life, his widow might maintain an action for damages for his death, sufficiently set out the statute of Pennsylvania upon which the plaintiff's right of action was founded.

(*February* 14, 1912.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*William S. Prickett* for plaintiff.

*Andrew E. Sanborn* for defendant.

Superior Court, New Castle County, January Term, 1912.

ACTION ON THE CASE (No. 3, January Term, 1911), to recover damages for death of plaintiff's husband, engaged at the time as a brakeman on a freight train of defendant company, which death occurred at or near Coatesville, in the State of Pennsylvania, on the twelfth day of September, A. D. 1910.

Demurrer to declaration of one count, in which the following allegations were made:

"FOR THAT WHEREAS TO-WIT, at the time of the committing of the grievances hereinafter mentioned, the said defendant was and still is a corporation existing under the laws of the State of

Pennsylvania engaged in operating a certain line of railroad in the said state. That while so engaged as aforesaid, the said defendant employed the said George W. Daniels who was then and there the husband of the said plaintiff, as a brakeman of freight trains engaged in the business of the said defendant. That the statute of the State of Pennsylvania then and now in force provided, among other things, that when death should be occasioned by negligence and no suit for damages be brought by the party injured during his life, the widow of any such deceased might maintain an action for and recover damages for the death so occasioned. That no such action was brought by the said George W. Daniels during his life. That on the twelfth day of September, A. D. 1910, at or near Coatesville in the State of Pennsylvania aforesaid, while the said George W. Daniels was so employed as aforesaid, the said defendant operated a certain main track or tracks with certain side tracks connected therewith, and the said defendant used the said side tracks for the purpose of storing or shifting cars in its business aforesaid. That on the day and year aforesaid, at or near Coatesville in the State of Pennsylvania aforesaid, the said defendant negligently and carelessly omitted to provide a derailing device or other safety appliance in connection with one of the said side tracks so used by it as aforesaid, so that cars placed thereon would not pass or drift upon or close to the said main track, the said derailing device or safety appliance being reasonably necessary and proper in the location aforesaid, whereby through negligence and carelessness of the said defendant in not providing such derailing or other safety appliance, a certain car then and there being on one of the said side tracks came close to or upon the main track so used by the said defendant as aforesaid, whereby a certain locomotive, tender and train of cars upon which the said George W. Daniels was then riding along the said main track came in contact with the said car so allowed to remain close to or upon the said main track as aforesaid, and thereby the tender attached to the engine upon which the said George W. Daniels was riding as aforesaid was upset, and the said George W. Daniels having jumped from the said engine was caught under the said tender and killed.

Wherefore the said plaintiff as widow of the said George W. Daniels brings this suit and saith that she hath sustained damage for the death thus occasioned in the sum of twenty-five thousand dollars."

The defendant demurred to the said declaration, upon the following grounds:

"(1)  Because no sufficient *facts* are alleged in the declaration showing, or tending to show, that a derailing device, or safety appliance, was reasonably necessary, or should have been provided, by the defendant at the time and place of the accident.

"(2)  Because the alleged statute of the State of Pennsylvania, upon which the plaintiff's right of action is founded, is not set out in the declaration."

PENNEWILL, C. J.:—The demurrers are overruled.